**CITIZENS COMMUNICATIONS CENTER et al., Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**No. 24471.**

United States Court of Appeals, District of Columbia Circuit.

May 4, 1972.

Before WRIGHT, MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

Alleging failure on the part of the Federal Communications Commission to comply with the mandate of this court in these proceedings, petitioners ask for further relief in the form of clarification of the mandate and/or mandamus to the Commission. We deny the petition for mandamus and grant the petition for clarification to the extent indicated herein.

■■ In its opinion in this case issued June 11, 1971, this court held that the Commission's 1970 Renewal Policy Statement is "contrary to law." 145 U.S. App.D.C. 32, 45, 447 F.2d 1201, 1214. That Statement, therefore, is null and void and may not be used by the Commission for any purpose. The essence of our opinion is that in cases involving a renewal application the Communications Act and Ashbacker Radio Corp. v. F. C. C., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945), require a single full comparative hearing in which all applicants may develop evidence and have their applications judged on all relevant criteria, including plans for integration of minority groups into station operation. In so holding, this court specifically rejected the Commission's finding that "substantial service" by the license holder warranted practically automatic renewal. We did say that *superior* performance should be a plus of major significance in renewal proceedings," 145 U.S.App. D.C. at 44, 447 F.2d at 1213 (emphasis in original), and the Commission, in its Further Notice of Inquiry (F.C.C. 71–826), issued following our opinion in this case, has expressed some uncertainty as to what we mean by the word "superior."

■■ We used the word "superior" in its ordinary dictionary meaning: "far above the average." Webster's New World Dictionary 1463 (college ed. 1968). And we suggested specific criteria for use in determining whether an incumbent had performed in a "superior" manner, including (1) elimination of excessive and loud advertising; (2) delivery of quality programs; (3) the extent to which the incumbent has reinvested the profit from his license to the service of the viewing and listening public; (4) diversification of ownership of mass media; and (5) independence from governmental influence in promoting First Amendment objectives.

■ While we suggested further that the Commission, in rule making proceedings, "clarify in both quantitative and qualitative terms what constitutes superior service," 145 U.S.App.D.C. at 44 n. 35, 447 F.2d at 1213 n. 35, we did not intend that that suggestion be included in the court's mandate. The Commission at this time, pending acquisition of additional experience in this

area, apparently prefers to proceed on a case-by-case basis in comparative renewal hearings to develop the criteria suggested by petitioners and by this court as appropriate for rule making. This court at this time will not require the Commission to proceed by rule making since that judgment is one basically for the Commission.